```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-14405-CIV-MARTINEZ
                              MAGISTRATE JUDGE P. A. WHITE
```

DALE MICHAEL BARNES,            :

        Plaintiff,            :

v.                              :           REPORT OF
                                          MAGISTRATE JUDGE
MARTIN COUNTY SHERIFF'S         :
OFFICE, ET AL.,

        Defendants.           :
_____

## I.  Introduction

The plaintiff Dale Michael Barnes, currently housed at the Martin County Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983.  [DE# 1].  The plaintiff has been granted leave to proceed in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>   the court shall dismiss the case at any time
>   if the court determines that –
>
>               *   *   *
>
>   (B) the action or appeal –
>
>               *   *   *
>
>   (i)  is frivolous or malicious;
>
>   (ii) fails to state a claim on which
>   relief may be granted; or
>
>   (iii) seeks monetary relief from a
>   defendant who is immune from such
>   relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v.

Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).  An action is considered "frivolous" if it is "without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).

    Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  See Fed.R.Civ.P. 8(a); Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11 Cir. 2001), cert. denied, 534 U.S. 1129 (2002).  While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Id. (quotations and citations omitted).  "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11 Cir. 1998).

    The plaintiff names the following defendants:

1.    Martin County Sheriff Crowder
2.    Martin County Deputy Sheriff Liquori
3.    Martin County Deputy Sheriff Samsone

  4. Martin County Deputy Sheriff Green

 The plaintiff raises three sets of claims: endangerment, verbal threats and denial of access to the courts. The plaintiff raises no allegations of wrongdoing against Sheriff Crowder.

Endangerment

 The plaintiff alleges that on November 8, 2007, Liquori witnessed him asking for assistance before he was attacked by another inmate. The plaintiff claims specifically that Liquori observed him waving and beating on a glass door to come and turn off the television, but he did not respond until the fight ended. The plaintiff states that Liquori had him stand against a wall, and he developed chest pains, fainted and injured his knee. The plaintiff does not state that he was injured due to the apparent fight with another inmate.

 It is well settled that the failure of prison officials to control or separate prisoners who endanger the physical safety of other prisoners may, under certain conditions, constitute an Eighth Amendment deprivation; however, the constitutional rights of inmates are not violated every time one inmate is injured as a result of another's actions.[1] Smith v. Wade, 461 U.S. 30 (1983); Redman v. County of San Diego, 896 F.2d 362, 364-66 (9 Cir. 1990) (pretrial detainee); Zatler v. Wainwright, 802 F.2d 397, 400 (11 Cir. 1986) (convicted prisoner); Stokes v. Delcambre, 710 F.2d 1120, 1124, (5 Cir. 1983); Jones v. Diamond, 636 F.2d 1364, 1374 (5 Cir. 1981); Gates v. Collier, 501 F.2d 1291, 1308-10 (5 Cir.

---

[1] Because the plaintiff was apparently a pretrial detainee at the time of the events alleged, his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir. 1985).

4

1974). The constitution requires officials to take all reasonable precautions to protect inmates from known dangers, see Davidson v. Cannon, 474 U.S. 344 (1986); Smith v. Wade, supra; Zatler v. Wainwright, supra; Harmon v. Berry, 728 F.2d 1407 (11 Cir. 1984); Saunders v. Chatham County Board of Commissioners, 728 F.2d 1367 (11 Cir. 1984); Abrams v. Hunter, 910 F.Supp. 620 (S.D.Fla. 1995); Gangloff v. Poccia, 888 F.Supp. 1549, 1555 (S.D.Fla. 1995). The known danger may arise either because there is a risk posed by one specific inmate against another, because there is a some other more general pervasive risk of harm because violence at the institution occurs with sufficient frequency that prisoners are put in reasonable fear for their safety and the problem and need for protective measures has been made known to prison officials, see Abrams v. Hunter, supra, at 624-25.

For a prison or jail official to be constitutionally liable for failure to protect the safety of an inmate, two requirements must be met. First, the deprivation alleged must be, objectively, "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991); Hudson v. McMillian, 503 U.S. 1 (1992). Thus, for a claim based on an alleged failure to prevent harm, an inmate must show that he is incarcerated under conditions that pose a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[T]he protection [an inmate] is afforded against other inmates" is a "condition of confinement" subject to scrutiny under the Eighth Amendment. Wilson, supra, 501 U.S. at 303. Second, the prison official who ignores a substantial risk of serious harm to an inmate must have a "sufficiently culpable state of mind," Farmer v. Brennan, supra, 511 U.S. at 834. In cases predicated on prison conditions, that state of mind is one of "deliberate indifference" to the inmate's health or safety. Wilson v. Seiter, supra, 501 U.S. at 302-03; Estelle v. Gamble, 429 U.S. 97, 106 (1976);

Traditionally, applicable authorities have described "deliberate indifference" as a state of mind more blameworthy than

5

mere negligence or even gross negligence, Davidson v. Cannon, 474 U.S. 344 (1976); Estelle, supra, 429 U.S. at 104; Parker v. Williams, 862 F.2d 1471 (11 Cir. 1989), and as something more than a lack of ordinary due care for a prisoner's safety. Whitley v. Albers, 475 U.S. 312 (1986).

Thus, in order to state a claim of cruel and unusual punishment, the courts have required that a prisoner must allege a conscious or callous indifference to his rights by prison officials. Davidson v. Cannon, supra; Brown v. Hughes, 894 F.2d 1533, 1537-38 (11 Cir. 1990); Washington v. Dugger, 860 F.2d 1018, 1021 (11 Cir. 1988); Williams v. Bennett, 689 F.2d 1370, 1380 (11 Cir. 1982). Only such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not. When the plaintiff fails to allege and show proof of such an abuse, what may be an ordinary tort does not rise to the level of a constitutional violation actionable under Section 1983. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle v. Gamble, supra, 429 U.S. at 106; Byrd v. Clark, 783 F.2d 1002, 1006 (11 Cir. 1986); Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11 Cir. 1985); Williams v. Bennett, supra 689 F.2d at 1380.

The Supreme Court has emphasized that Eighth Amendment liability requires a showing that the responsible official was subjectively conscious of risk to the inmate:

> We hold...that a prison official cannot be liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.

6

Farmer v. Brennan, supra, 511 U.S. at 837; see also, LaMarca v. Turner, 995 F.2d 1535, 1536 (11 Cir. 1993).

Thus there must be an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation. See Zatler v. Wainwright, supra, 802 F.2d at 401. See also LaMarca v. Turner , supra, 995 F.2d at 1536. "Personal participation...is only one of several ways to establish the requisite causal connection," Zatler v. Wainwright, supra at 401, and thus, personal participation is not the sine qua non for the defendants to be found personally liable. Swint v. City of Wadley, Ala., 5 F.3d 1435, 1446 (11 Cir. 1993), opinion modified on other grounds, 11 F.3d 1030 (11 Cir. 1994). The defendant prison official must, however, ignore a substantial risk of serious harm to the inmate. Wilson v. Seiter, and Estelle v. Gamble, supra.

Even liberally construed, the allegations in the complaint are not sufficient to state a claim which is cognizable under §1983 for endangerment, Smith v. Wade, and Zatler v. Wainwright, supra against any defendant. The plaintiff has not alleged that Liquori acted deliberately to cause him harm. Indeed, liberally construed, the plaintiff alleges only that there was apparently a verbal or non-violent dispute between him and another inmate concerning the television, and the plaintiff was apparently not physically injured as a result of this dispute. The injuries the plaintiff suffered resulted from his fall after he was separated from the other inmate. The plaintiff does not state that Liquori knew that there was a risk of violence or that he acted with the intent to cause him harm.

It is therefore recommended that the claim against Liquori be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

Verbal Threats

The plaintiff alleges that on November 9, 2007, while he was in the medical unit, Samsone threatened him with bodily harm and "bogus dr's if [he] didn't go along with their program." The plaintiff also alleges that Green threatened to poison him.

Verbal harassment does not state a claim for relief in a federal civil rights action. See Hoptowit v. Ray, 682 F.2d 1237, 1252 (9 Cir. 1982)(federal court cannot order guards to refrain from using racial slurs to harass prisoners); Burton v. Livingston, 791 F.2d 97, 101 n. 1 (8 Cir. 1986)(use of racial slurs in prison does not offend Constitution); McFadden v. Lucas, 713 F.2d 143, 146 (5 Cir.), cert. denied, 464 U.S. 998 (1983) (threatening language and gestures). There are, however, recognized exceptions to the general rule, under which the conduct may rise to the level of a constitutional deprivation: for example, when verbal threats are accompanied by physical force or the present ability to effectuate the threat, Harris v. Lord, 957 F.Supp. 471, 475 (S.D.N.Y. 1997); Jermosen v. Coughlin, 878 F.Supp. 444, 449 (N.D.N.Y. 1995), or the person to whom the verbal abuse is directed is terrorized by threats accompanied by racial slurs, Hopson v. Frederickson, 961 F.2d 1374, 1378-79 (8 Cir. 1992); Burton v. Livingston, 791 F.2d 97 (8 Cir. 1986).

Further, claims of verbal taunts are foreclosed by the provisions of 42 U.S.C. §1997e(e), which prohibit prisoners from bringing civil rights actions based on mental or emotional injury without a prior showing of physical injury.

The plaintiff has not stated a cognizable constitutional claim with regard to the alleged verbal harassment. The plaintiff has failed to show that he has suffered any physical injury as a result

of the verbal harassment, or that either defendant present ability to effectuate the threat.

It is therefore recommended that this claim be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Access to the Courts

The plaintiff alleges that he was not permitted to speak to his attorney from September 14 to 18, 2007, and he was only permitted to speak to his attorney twice between November 8 and 28, 2007. This claim is construed as a claim of denial of access to the courts.

Prisoners have a constitutional right to effective access to the courts. Lewis v. Casey, 518 U.S. 343 (1996); Bounds, Correction Commissioner v. Smith, 430 U.S. 817 (1977); Wanninger v. Davenport, 697 F.2d 992 (11 Cir. 1983). This right also extends to detainees, including pretrial detainees pending trial, Love v. Summit County, 776 F.2d 908, 912 (10 Cir. 1985) (recognizing pretrial detainees have the same constitutional access rights to vindicate fundamental constitutional rights).

The right to have effective access to the courts includes reasonable access to a law library or adequate assistance from persons trained in the law, Bounds, supra; Straub v. Monge, 815 F.2d 1467 (11 Cir. 1987); Wainwright v. Davenport, 697 F.2d 992 (11 Cir. 1993.

Nevertheless, where a prisoner or detainee's claim that he has been denied access to the courts involves an alleged deprivation of

9

access to resources other than Bounds' core concern of actual legal assistance, courts require him to demonstrate that he suffered an actual injury as a result. Chandler v. Baird, 926 F.2d 1057 (11 Cir. 1991), and cases cited at 1062 n. 3; see also, Strickler v. Waters, 989 F.2d 1375 (4 Cir. 1993), and cases cited at 1382 n. 10; Sands v. Lewis, 886 F.2d 1166 (9 Cir. 1989); Hoppins v. Wallace, 751 F.2d 1161 (11 Cir. 1985).

In other words, to prove a denial of access to the courts, a plaintiff must show "some quantum of detriment" caused by the challenged conduct of state officials, resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation. Jenkins v. Lane, 977 F.2d 266, 268 (7 Cir. 1992), quoting Shango v. Jurich, 965 F.2d 289 (7 Cir. 1992). To show "some quantum of detriment," the complaint must allege specific facts such as court dates missed, an inability to make timely filings, or the loss of a case that otherwise could have been won. Martin v. Davies, 917 F.2d 336, 338 (7 Cir. 1990), cert. denied, 501 U.S. 1208 (1991).

In the case of Lewis v. Casey, supra, the Supreme Court made clear that not just any prejudice will suffice. In Lewis, the Court emphasized that it is vital to a claim of denial of access to the courts for the plaintiff to specifically demonstrate how he was harmed and prejudiced with respect to any litigation in which he was involved, Id., 116 S.Ct. at 2179-80. Additionally, the Court stated that "the injury requirement is not satisfied by just any type of frustrated legal claim." Id., at 2181. Rather, the plaintiff must show that he was prejudiced in a criminal appeal, in a post-conviction proceeding, or in a civil rights action in which he sought "to vindicate 'basic constitutional rights.'" Id. at 2181-82 (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)).

The plaintiff has not stated sufficient facts so that a complaint of denial of access to the courts may proceed, as he has not alleged that he has suffered an actual injury in a criminal appeal, in a post-conviction proceeding, or in a civil rights action in which he seeks to vindicate basic constitutional rights as a result of the short term limitations on his ability to communicate with his attorney.  The plaintiff provides no details about the nature of his criminal case nor does he explain how the limitations on telephoning his attorney caused him any prejudice whatsoever.

It is therefore recommended that the claim alleging denial of access to the courts be dismissed for failure to state a claim for relief pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

### III.  Conclusion

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and the case be closed.[2]

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 8th day of April, 2009.

                                     _____
                                     UNITED STATES MAGISTRATE JUDGE

---

[2]This Report and Recommendation was entered on January 11, 2008; however, due to clerical error it was never docketed in the case.

```
cc:   Dale Michael Barnes, Pro Se
      No. 800991
      Martin County Jail
      800 S.E. Monterrey Road
      Stuart, FL 34994
```